IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VICTOR FAIRLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 22-1309 (MN) |
| | ) |
| BRIAN EMIG, Warden, and | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

# MEMORANDUM OPINION

Victor Fairley– *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

August 22, 2024
Wilmington, Delaware

---

[1] The Court has substituted Warden Brian Emig for former Warden Robert May, an original party to the case.  *See* Fed. R. Civ. P. 25(d).

**NOREIKA, U.S. DISTRICT JUDGE**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Victor Fairley ("Petitioner"). (D.I. 3; 5). The State filed a Motion to Dismiss. (D.I. 15). For the reasons discussed, the Court will grant the State's Motion to Dismiss and dismiss the Petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

**I.      BACKGROUND**

In October 2019, Petitioner pled guilty to one count of racketeering and one count of Tier 4 (heroin) drug dealing. (D.I. 11-7); *see Fairley v. State*, 281 A.3d 565 (Table), 2022 WL 2813769, at *1 (Del. July 18, 2022). On February 14, 2020, the Superior Court sentenced Petitioner as a habitual offender on his racketeering conviction to 16 years of Level V incarceration, and as a non-habitual offender on his drug dealing offense to 25 years of Level V incarceration, suspended after two years for decreasing of supervision. (D.I. 11-3 at 20-25). Petitioner did not appeal his convictions or sentences. *See Fairley*, 2022 WL 2813769, at *1.

On October 15, 2021, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 11-3 at 26-58). The Superior Court dismissed the Rule 61 motion as untimely and the Delaware Supreme Court affirmed that decision on July 18, 2022. (D.I. 11-2 at 59-60; *see Fairley*, 2022 WL 2813769, at *1).

Petitioner filed the instant Petition for habeas relief in October of 2022, asserting the following grounds for relief: (1) defense counsel provided ineffective assistance by failing to move to suppress all the evidence seized from wiretaps and cell phones (D.I. 3 at 5,7; D.I. 5 at 9-16); (2) defense counsel provided ineffective assistance by advising Petitioner to accept a guilty plea agreement (D.I. 3 at 8; D.I. 5 at 17-23); and (3) trial counsel provided ineffective assistance based on cumulative error (D.I. 3 at 10; D.I. 5 at 23-26).

II. <u>**ONE YEAR STATUTE OF LIMITATIONS**</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B) or (D). Petitioner does, however, attempt to trigger a later starting date for the limitations period under § 2244(d)(1)(C) by arguing that Delaware Supreme Court's decision in *Purnell v. State*, 254 A.3d 1053 (Del. 2021) created a new rule concerning actual innocence that is retroactively applicable in postconviction proceedings. The argument is unavailing because *Purnell* is a state court decision, not a Supreme Court decision, and does not recognize a new retroactive constitutional

2

right. Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on February 14, 2020, and he did not appeal. As a result, Petitioner's conviction became final on March 16, 2020.[2] Applying the one-year limitations period to that date, Petitioner had until March 16, 2021 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the triggering event of the limitations period, namely, the date of finality). Petitioner did not file the instant Petition until October 5, 2022,[3] approximately one year and seven months after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner

---

[2] The last day of the 30-day appeal period – March 15, 2020 – fell on a weekend. Therefore, the time to file an appeal extended through the end of the day on March 16, 2020. *See* Del. Supr. Ct. R. 11(a).

[3] Pursuant to the prison mailbox rule, a prisoner's habeas petition is deemed filed the date on which he transmitted the petition to prison authorities for mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date). The Court adopts October 5, 2022 as the filing date because it is the date on Petitioner's certificate of service and the date on which Petitioner electronically filed the Petition.

3

demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Pace*, 544 U.S. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The one-year limitations period in this case began to run on March 17, 2020, and ran uninterrupted until the limitations clock expired on March 16, 2021. The Rule 61 motion that Petitioner filed in October 2021 does not toll the limitations period because: (1) it was filed after the expiration of AEDPA's limitations period; and (2) the fact that the Delaware state courts denied the Rule 61 motion as untimely filed means that it was not properly filed for § 2254(d)(2) purposes. Thus, statutory tolling does not save the Petition from being dismissed as untimely.

4

### B. Equitable Tolling

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *see also Wallace*, 2 F.4th at 144 (reiterating that the relevant inquiry for purposes of assessing extraordinary circumstances is "how severe an obstacle [the circumstance] creates with respect to meeting AEDPA's one-year deadline."). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

Petitioner does not assert, the Court does not discern, that any extraordinary circumstances prevented him from timely filing the instant Petition. Petitioner does, however, appear to rely on *Martinez v. Ryan*, 566 U.S. 1 (2012) to equitably toll the limitations period. In *Martinez,* the

5

Supreme Court held that inadequate assistance or the absence of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id*. at 12, 16-17. A petitioner can only obtain relief under *Martinez* by demonstrating that post-conviction counsel provided ineffective assistance during the initial-review collateral proceeding, that the underlying ineffective assistance of trial counsel claim is substantial, and that petitioner was prejudiced. *Id*. at 14-17. Importantly, the *Martinez* exception cannot excuse Petitioner's failure to file his Petition within AEDPA's limitations period. *See Bland v. Sup't Greene, SCI,* 2017 WL 3897066, at *1 (3d Cir. Jan. 5, 2017); *Puller v. Pierce*, 2016 WL 2869753, at *4 (D. Del. May 16, 2016).

Finally, to the extent Petitioner's late filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004); *Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009) (holding that Lewis' error in computing AEDPA's one-year filing period did not warrant equitable tolling).

For all these reasons, the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence Equitable Exception

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. The actual innocence equitable exception is inapplicable because Petitioner does not assert his actual innocence.

Accordingly, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition as time-barred.

### III.     CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the Petition is time-barred. Reasonable jurists would not find these conclusions to be debatable. Therefore, the Court will not issue a certificate of appealability.

### IV.     CONCLUSION

For the reasons stated, the Court will grant the State's Motion to Dismiss and dismiss the Petition as time-barred without holding an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.

7